WILLIAM W. FRAZIER and others, Assignees, *v.* THE NEW ORLEANS GAS LIGHT AND BANKING COMPANY.

A bank employing its regularly appointed notary to protest a note deposited with it for collection, will not be liable for his official misconduct or failure to give notice to the endorsers.

An agreement between two banks, established in different cities, and acting as agents for each other, that " prompt advice shall be given as well of the acceptance and payment of all remittances, as of protests for non-payment or non-acceptance," will not be considered as contemplating such speedy advice as to enable the party transmitting paper for collection, to give notice of protest to endorsers after receiving advice from the party charged with the collection.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*T. Slidell*, for the plaintiffs.

*G. Strawbridge*, for the appellant.

BULLARD, J. . The plaintiffs sue as assignees of the Commercial and Rail Road Bank of Vicksburg, for a balance alleged to be due by the New Orleans Gas Light and Banking Company of $7426 47.

The defendants, after an exception which need not be further noticed, answered to the merits, that the Bank of Vicksburg is indebted to them in the sum of $6250, the amount of a promissory note drawn by one Anderson, and endorsed by several persons, which note was forwarded to that Bank, in pursuance of an agreement between the two institutions, for collection, which they failed

Frazier and others v. The New Orleans Gas Light and Banking Company.

to make, or properly to protest the same, whereby the defendants sustained a loss to that amount; and they pray judgment therefor, with interest.

The two Banks appear to have acted, by agreement, each as the agent of the other, in the collection of promissory notes and bills of exchange transmitted for that purpose.

The note in question was forwarded by the defendants to the Vicksburg Bank, and at maturity was handed to a notary public for protest, and was by him protested for non-payment, and notice given to the endorsers, with the exception of H. C. Cammack & Co., who are alleged to be endorsers; and it is in consequence of this omission that the defendants claim a credit for the amount of the note, they having failed to recover of the last, and, as is alleged, the only solvent endorsers.

It appears that when the note was remitted to Vicksburg, the original was covered with endorsements, and that a copy of the note was attached to the original, with a copy of the endorsements on the back of it. At the bottom of this list on the copy, was the name of H. C. Cammack & Co., with these words or others over it, "Original attached hereto." There was no name after that of Cammack & Co., not even the endorsement of the Bank for collection. There was also attached to the original note a memorandum showing the names and residences of all the endorsers, except Cammack & Co. This was intended probably as a direction to the notary how to direct his notices of protest. The original has been exhibited to us in the argument, and we cannot avoid saying, that the manner in which the endorsement of Cammack & Co. was given, and the omission of their name on the memorandum of endorsers, were calculated to mislead the notary. Endorsements of this kind, by what is called an *allonge*, are rare in practice. The original note was somewhat torn, and the notary may very honestly have supposed that the copy was given instead of pasting or otherwise fastening together the original, and that Cammack merely attested the copy. But the promissory note in question was made payable at a Bank in Vicksburg, and we held in the case of *Hyde and Goodrich* v. *The Planters Bank of Mississippi*, which was similar to this, that a Bank, employing their regularly appointed notary to protest a note

Frazier and others v. The New Orleans Gas Light and Banking Company.

deposited with them for collection, is not liable for the official mis-conduct or failure of the notary to give notice to the endorsers. 17 La. 560. The two cases in this respect cannot be distin-guished.

But it is contended, on the part of the defendants, that indepen-dently of the neglect of the notary, the defendants are entitled to damages, on the ground that the two Banks were bound by agree-ment to give prompt notice to each other of the payment or dis-honor of paper forwarded for collection, and that if the Gas Bank had had timely advice of the protest of the note, they might them-selves have given due and reasonable notice to Cammack & Co., and have thereby secured the amount of the note.

To this it has been answered, and we think satisfactorily, that the Banks do not appear practically to have been so exact and strict in their correspondence; that the right to recover is not put by the pleadings upon that footing; and that the note, being payable at Vicksburg, and all the endorsers mentioned in the memorandum residing in Mississippi, it could not be supposed to be the wish of the Gas Bank that it should be sent back to New Orleans to be put in suit, but rather that it should remain at the place where it was payable, for a reasonable time, in order to see whether any of the parties would take it up, and if not, to be put in suit in the state where most, if not all of the parties, resided. The third article of the agreement between the two Banks provides that prompt ad-vice shall be given as well of the acceptance and payment of all remittances, as of protests for non-payment or non-acceptance. It would be a strained construction of this agreement to suppose that the parties contemplated such speedy advice, as to enable the party transmitting paper for collection to give notice of protest to en-dorsers after such advice had been received from the party charged with the collection.

*Judgment affirmed.*